IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHANNON CRAFT, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INFINITY MANAGEMENT AND INVESTMENTS LLC, WHITEFISH INVESTMENT GROUP LP, and DOES 1–74,<br><br>Defendants. | CV 24–20–M–DLC<br><br><br>ORDER |

Before the Court is Defendant Infinity Management and Investments LLC's ("Infinity") Motion to Stay Discovery (Doc. 9) and Motion to Dismiss (Doc. 11). Defendant Whitefish Investment Group LP joins the Motion to Dismiss. (Doc. 14.) For the reasons discussed below, the Court grants the Motion to Dismiss and denies the Motion to Stay Discovery.

## BACKGROUND

This matter is before the Court pursuant to the Court's diversity jurisdiction. (Doc. 1-1.) Plaintiff Shannon Craft filed her Class Action Complaint on January 31, 2024, alleging that Defendants charged unlawful rental move-out charges and security deposit deductions. (Doc. 1.) Infinity appeared on April 8, 2024, and

1

filed the instant Motion to Dismiss. In its motion, Infinity raises three potential grounds for dismissal: (1) the Court lacks subject matter jurisdiction because Craft failed to exhaust mandatory administrative remedies, (Doc. 7 at 3); (2) the Court should dismiss this matter for prudential reasons because Craft failed to exhaust administrative remedies, (*id.* at 6); and (3) the Court lacks subject matter jurisdiction pursuant to the forum-selection clause in the lease agreement signed by Craft, (*id.* at 8).

In her Response to the Motion to Dismiss, Craft concedes that this matter should be dismissed pursuant to the lease's forum-selection clause, (Doc. 11 at 2), which states that "jurisdiction for any dispute will lie with the district courts in the State of Montana," (Doc. 7-1 at 23). Accordingly, Craft acknowledges that "Montana state district court is the only proper forum for this action and stipulates to Infinity's request to dismiss the case without prejudice." (Doc. 11 at 2.) Craft goes on to argue that, because this Court lacks jurisdiction pursuant to the forum-selection clause, the Court should not address Infinity's alternative arguments for dismissal. (*Id.* at 4.)

## LEGAL STANDARD

Federal law governs the enforceability of forum selection clauses in diversity cases. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Under federal law, "forum selection clauses are to be specifically

enforced unless the party opposing the clause clearly shows 'that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* at 512 (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Tex.*, 571 U.S. 49, 60 (2013). *Forum non conveniens* permits "displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (citing *Am. Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994)). When the parties have agreed to a valid forum-selection clause, a district court should ordinarily honor the parties' agreement. *Atl. Marine Constr. Co.*, 571 U.S. at 62; *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 (9th Cir. 2018); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) ("[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases."). A successful motion under *forum non conveniens* requires dismissal of the case.[1] *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955); *see also Atl. Marine Constr. Co.*, 571 U.S. at 66 n.8 (2013).

---

[1] Congress has codified the doctrine of *forum non conveniens* for the federal court system and has provided for

#### DISCUSSION

Here, Defendants seek to enforce the forum-selection clause contained in the lease agreement and Craft does not oppose the validity or applicability of the clause.  Accordingly, the Court finds that the forum-selection clause is valid and enforceable and, therefore, Montana state district court is the proper forum for this action.  Thus, the Court concludes that dismissal is required pursuant to the doctrine of *forum non conveniens*.  Because this Court is not the proper forum for resolving this dispute, the Court declines to reach Infinity's alternate arguments for dismissal.  *See Sinochem Int'l Co.*, 549 U.S. at 432 ("A district court therefore may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant."); *Fine v. Cambridge Int'l Sys., Inc.*, 584 F. App'x. 695, 696 (9th Cir. 2014) (explaining that if dismissal under *forum non conveniens* is appropriate, the court need not address other grounds for dismissal).  Furthermore, Infinity's Motion to Stay Discovery is rendered moot by this order.

Accordingly, IT IS ORDERED that the Motion to Dismiss (Doc. 6) is

---

transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").  However, "[t]he common-law doctrine of *forum non conveniens* has continuing application in federal courts . . . where a state or territorial court serves litigational convenience best."  *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).  Under these circumstances, dismissal remains the appropriate remedy.

GRANTED.  This matter is DISMISSED WITHOUT PREJUDICE pursuant to the doctrine of *forum non conveniens*.

IT IS FURTHER ORDERED that all pending motions are DENIED as moot.

The Clerk of Court is directed to close this matter.

DATED this 1st day of May, 2024.

_____
Dana L. Christensen, District Judge
United States District Court